[See Case No. 16,258b.]

---

## Case No. 16,258b.

### UNITED STATES v. SEVENTY-EIGHT CASES OF BOOKS.

[2 Bond, 285.] [1]

District Court, S. D. Ohio. April Term, 1869.

CUSTOMS LAWS — FORFEITURES FOR UNDERVALUATION—BONA FIDE ADVANCES BY AUCTIONEERS—LIEN.

1. Where packages of books were fraudulently imported into the United States and placed in the possession of auctioneers to be sold, and advances were made by them on said books without knowledge of or reason to suspect any fraud in such importation, and before the United States had made its election to proceed for a forfeiture, or to sue for the value of

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

the property: *Held*, that such advances were a lien upon the proceeds of the sale of the books in the registry of the court, and that an order for payment should be made.

2. Where such lien exists, and the fund from which it ought to be paid is within the jurisdiction of the court, there is no necessity for requiring the person having such lien to apply to the secretary of the treasury for payment.

[This was an information of forfeiture against certain cases of books, for fraudulent undervaluations on importation into this country. Exceptions to the information were overruled (Case No. 16,258); and, after a trial, the jury returned a verdict of forfeiture (see Case No. 16,258a).]

After the sale of the books forfeited, and the payment of the proceeds into the registry of the court, the attorney for Hubbard & Heaton, auctioneers in Cincinnati, moved the court for an order for the payment to said Hubbard & Heaton of $3,000, for money advanced by them to the claimant Shaw, after the books were in possession of the auctioneers for sale in Cincinnati, and before the seizure. But the counsel for the United States urged, that it was not competent for the court to order the payment of Hubbard & Heaton's claim from the proceeds in the registry, and that the entire amount must be deposited to the credit of the United States, and that the claim of Hubbard & Heaton could only be paid on the allowance and order of the secretary of the treasury.

Warner M. Bateman, Dist. Atty., and Henry Stanbery, for the United States.

Lewis H. Bond, for interveners.

LEAVITT, District Judge. The claim of Hubbard & Heaton, for the sum advanced by them to Shaw, is admitted to be just and equitable, and that when made they had no knowledge of or reason to suspect any fraud in the importation by Shaw. It was paid to Shaw after the employment of Hubbard & Heaton as auctioneers, and after the books were placed in their possession for sale, and before their seizure for the fraud in their importation. There would seem to be no doubt that Hubbard & Heaton have an equitable lien on the fund in the registry, and that the order for its payment should be made. The case of Caldwell v. U. S., reported in 8 How. [49 U. S.] 366, decides that a bona fide claim upon property before seizure, or before the government has made its election to proceed for a forfeiture, or sue for its value, may be paid out of the proceeds. Hubbard & Heaton's claim is within the principle decided by the supreme court in the case referred to.

But it is insisted by the counsel of the United States, that under an act of congress passed in 1867 [14 Stat. 546], that the entire proceeds must be paid into the treasury, including all charges and expenses incident to the proceeding. This provision applies only to the legal charges and expenses incident to the case, and does not extend to

a private claim on the proceeds, based on a legal lien. That Hubbard & Heaton's claim is such a lien, there can be no doubt. And the fund from which it ought to be paid being within the jurisdiction of the court, the order for its payment may be entered. There would seem to be no necessity for requiring them to be at the trouble and incur the expense of an application to the secretary of the treasury for payment.